## BECK v BAILEY et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9492.   Decided April 15, 1929

John A Cline, Cleveland, for Beck.
Edward W Dissette, Cleveland, for Bailey, et.

**VICKERY, PJ.**

Now because this money was not paid within the year, it is claimed that the title to the real estate had been divested from the sons and became as though it was undisposed of property and descended to all the heirs of the testator in proper proportions.

We think a proper construction can be placed upon this language in the will that would be consistent with the intention of the testator, by construing this proviso to mean that the sums to be paid were to be a **charge** upon the estate, and that even though the sons did not succeed in actually paying it within the year, yet by paying it or offering to pay it within a reasonable time, the provisions of the will had been complied with and the title to the real estate will be secure in the sons, and in that event the plaintiff in this action will not be entitled to maintain a partition suit. The plaintiff and those who have interest with him would only be entitled to recover the amount of their legacies together with interest perhaps up to the time that it was tendered from the decease of the mother of these men. In other words, the intention of the testator is best served by holding that this proviso in the will, under the circumstances of this particular case, is complied with by making the legacies a charge upon the estate, rather than in diverting the title that is already vested in the two sons and making it pass as undisposed of property by last will. We think to hold any other way would be to do violence both to the intention of the testator and to the greater weight of authority upon this proposition.

We, therefore, are compelled to find in favor of the defendants, and a decree may be drawn accordingly.

Sullivan and Levine, JJ, concur.